**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY ADAMS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>TFORCE FREIGHT, INC.; TFI INTERNATIONAL INC.; and UNITED PARCEL SERVICE, INC.<br><br>     Defendants. | **Case No.** 1:25-cv-9147<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

Plaintiff Anthony Adams ("Plaintiff"), on behalf of himself and all other similarly situated individuals, by and through his attorneys, alleges as follows:

<u>**INTRODUCTION**</u>

1.     This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, on behalf of all current and former full-time employees of TForce Freight, Inc., TFI International Inc., and United Parcel Service, Inc. ("UPS") (collectively "TForce Freight" or "Defendants") who took short-term military leave from TForce Freight since 2005 and did not receive compensation and/or paid leave from TForce Freight during such short-term military leave.

2.     Chapter 38 U.S.C. § 4316 (b) requires that military servicemembers who take leaves of absence from their civilian employers to perform qualified military service be treated no less favorably than employees who take other comparable forms of leave that an employer provides.  Accordingly, servicemember employees who take military leave must receive the same

1

"rights and benefits" during such military leave as employees who take comparable leaves, such as for jury duty, illness, or the death of a family member. 38 U.S.C. § 4316(b); 20 C.F.R. § 1002.150. Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided equally to employees on military leave and comparable non-military leaves. *See* 38 U.S.C. § 4303(2).

3.      TForce Freight has violated 38 U.S.C. § 4316(b) by paying compensation to TForce Freight employees who take leave for non-military reasons, such as vacation, sick leave, and casual or personal leave but not providing any compensation to TForce Freight servicemember employees who take short-term military leave.

4.      Due to TForce Freight's violations, Plaintiff and other servicemembers employed by TForce Freight have received less compensation than they would have received had TForce Freight provided them with pay during their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave.

5.      This action seeks: (a) a declaration that TForce Freight violated USERRA by failing to provide Class Members with pay during their short-term military leave despite providing pay for comparable forms of leave; (b) an order requiring TForce Freight to pay servicemembers on short-term military leave as it does to comparable forms of leave; and (c) an order requiring TForce Freight to recalculate and pay compensation to Plaintiff and other members of the Class consistent with USERRA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which gives the district courts of the United States jurisdiction over a USERRA action brought

against a private employer. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under federal law.

7.      This Court has personal jurisdiction over Defendants because a substantial portion of Plaintiff's claims arise out of or relate to the Defendants' contacts with Illinois.

8.      Venue is proper under 38 U.S.C. § 4323(c)(2), because TForce Freight is a private employer that maintains multiple places of business throughout this District. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

9.      Mr. Adams was employed as a full-time, exempt, regional supervisor, field investigator, security supervisor and/or similar job titles/positions for TForce Freight from approximately May 2019 until approximately the end of December 2022.

10.     Throughout his tenure, Mr. Adams served as a National Guard reservist, necessitating monthly weekend military leave as well as an annual short-term (15-day) military absence. While the monthly weekend leaves did not result in missed compensation, Mr. Adams' annual short-term military leaves were unpaid. TForce Freight offered paid leave for vacation, sick leave, and/or bereavement ("funeral") leave. Mr. Adams resides in Illinois and worked for TForce Freight in Chicago, Illinois.

11.     TForce Freight operates a shipping and logistics business. Defendant, TForce Freight, Inc., used to be known as UPS Freight a division of Defendant United Parcel Service, Inc., until in or around 2021 when, Defendant TForce Freight, Inc.'s parent holding company, TFI

3

International, Inc., acquired UPS Freight and rebranded it as TForce Freight.[1] TForce Freight specializes in the provision of less-than-truckload/LTL carrier services in North America.[2] TForce Freight is an employer within the meaning of 38 U.S.C. § 4303(4)(A). At all times during Plaintiff's employment with TForce Freight, TForce Freight employed Plaintiff and controlled his work opportunities, including the rights and benefits he received during periods of short-term military leave.

12.     Defendant TForce Freight, Inc. is a Virginia corporation headquartered at 9954 Maryland Dr. Ste. 3000, Henrico, Virginia 23233.

13.     Defendant TFI International, Inc. is a Canadian corporation headquartered at 8801 Trans-Canada Highway, Ste. 500, Saint-Laurent, Quebec.

14.     Defendant United Parcel Service, Inc. is an Ohio corporation headquartered at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.

## FACTUAL ALLEGATIONS

### USERRA Required TForce Freight to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Pay

15.     Chapter 38 U.S.C. § 4316(b)(1) provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

(A)     deemed to be on furlough or leave of absence while performing such service; and

(B)     entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the

---

[1] *See UPS Announces Agreement to Sell UPS Freight to TFI International, Inc.*, UPS (Jan. 25, 2021). https://about.ups.com/sg/en/newsroom/press-releases/our-strategy/ups-announces-agreement-to-sell-ups-freight-to-tfi-international.html#:~:text=Jan%2025%2C%202021%204%20MIN,Transaction%20Highlights.

[2] *See TForce Freight* LTL, TFORCE FREIGHT, https://www.tforcefreight.com/ltl/apps/TForceFreightLTL (last visited July 23, 2025).

commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

16.     Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees who take comparable non-military leave, including pay, 38 U.S.C. § 4316(b)(1) requires the employer to provide those same "rights and benefits" to employees during their periods of military leave.  *Id.*; *see also* 38 U.S.C. § 4303(2); 20 C.F.R. § 1002.150(a).

17.     As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine whether they are a "comparable form of leave" under USERRA is "the duration of the leave."  20 C.F.R. § 1002.150(b).  In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered."  *Id*.

**TForce Freight Fails to Pay Servicemember Employees Who Take Short-Term Military Leave But Provides Paid Leave for Other Comparable Leaves**

18.     38 U.S.C. § 4316(b)(1) "sets forth an equality principle, not a floor or a cap on benefits."  *White v. United Airlines, Inc.,* 987 F.3d 616, 624 (7th Cir. 2021). Section 4316(b)(1) "permits paid leave to the extent that the marginal days of military leave are 'comparable' to leave based on circumstances such as sick leave or jury duty."  *Id.*

19.     Pursuant to TForce Freight's policy, TForce Freight failed to pay Plaintiff and the members of the Class during each period in which they took short-term military leave from at least May 2019, when Plaintiff began his employment with TForce Freight, to the present.  However, TForce Freight provided employees with paid vacation, sick leave, bereavement ("funeral") leave, and/or jury duty leave during this same time period.

20.     Throughout the relevant time period, full-time TForce Freight employees are eligible to receive vacation pay and/or paid time off. For example, based on information and belief,

5

throughout the relevant time period, after two years of continuous service with the company, full-time TForce Freight employees are provided with at least eighty (80) hours of vacation. Based on information and belief, TForce Freight's vacation policy was not capped at forty (40) hours of vacation. According to company information provided on Indeed.com, TForce Freight offers more than two weeks of vacation for various employees. Furthermore, many if not most job postings on TForce Freight's own website state that compensation for the position offered includes paid time off/PTO. *See* Exhibits 1 & 2 for true and correct copies of TForce's job listings for a Local Driver position in Oklahoma City, Oklahoma and Dockworker No CDL Full Time position in Sacramento, California, respectively, which are both advertised as offering paid time off.

21.     Throughout the relevant time period, TForce Freight has provided full-time employees with at least two (2) weeks of paid time off after two years of service. Additionally, throughout the relevant time period, TForce Freight provided employees with their regular hourly pay for bereavement leave. For example, TForce Freight's wage statement for Mr. Adams for pay period beginning on 9/4/2022 and ending on 9/17/2022 shows 16.00 hours of "Funeral" leave paid at Mr. Adams' base hourly rate of $36.6938. *See* Exhibit 3, for a true and correct copy of Mr. Adams' wage statement (personal tax information and home address redacted) for pay period beginning on 9/4/2022 and ending on 9/17/2022, which shows 16.00 hours of "Funeral" leave paid at Mr. Adams' base hourly rate of $36.6938.

22.     Vacation, sick leave, and casual or personal leave, jury duty and/or bereavement leave are all comparable to short-term military leave in terms of their duration, purpose, and the ability of the employee to choose when to take the leave.

**DURATION: The Other Leaves Are Comparable to Short-Term Military Leave in Duration**

23.     "Section 1002.150 states that duration is the most significant factor to compare when determining if 'any two types of leave are comparable.' In context, 'any two types of leave' must refer to (1) military leave and (2) another employer-offered leave. As the regulation explains, 'a two-day funeral leave will not be comparable to an extended leave for service.' But while an 'extended' military leave is not comparable to a 'two-day funeral leave,' it is entirely possible that a two-day military leave *is* comparable to a two-day funeral leave." *Clarkson v. Alaska Airlines, Inc.,* 59 F.4th 424, 433 (9th Cir. 2023) (citing 20 C.F.R. § 1002.150). For employees of TForce Freight, the duration of vacation, sick leave, jury duty, and/or bereavement leave / "funeral" leave are comparable to the duration of short-term military leave.

24.     TForce Freight offers many of its full-time employees at least eighty (80) hours of paid vacation. This amounts to at least two weeks' worth of work for many full-time employees – sometimes more, as TForce Freight offers more than two weeks of paid vacation to at least some employees. Furthermore, employees are credited with at least two days of paid bereavement leave.

25.     Plaintiff took military leave annually that lasted approximately fifteen (15) days in duration, which was unpaid by TForce Freight. For example, Plaintiff was ordered to report for duty for approximately fifteen (15) days in August 2021 and subsequently was required to take unpaid leave from his employment at TForce Freight to comply with his obligation to the military. This just over two-week period of military leave is comparable to the paid vacation leave and bereavement leave that TForce Freight offers to non-military employees. Based on information and belief, by 2021, Mr. Adams had accrued over two weeks of paid vacation time.

7

**PURPOSE: TForce Freight's Paid Leaves Are Comparable to Short-Term Military Leave in Purpose**

26.     TForce Freight's vacation, sick leave, jury duty, casual or personal leave and/or bereavement leave are also comparable to short-term military leave in their purpose. For example, illness, the various and often unexpected circumstances that requires an employee to take casual or personal or bereavement leave, jury duty, or vacation days , can prevent an employee from performing their job duties similar to military duty. Furthermore, bereavement leave, jury duty and sick leave are all short-term and involuntary—if not for unexpectedly falling ill, the death of a family member, or receiving a jury summons, this leave would otherwise not be taken by employees. In addition, like military service, jury duty is taken to perform a civic duty and public service.

**CONTROL: The Other Leaves Are Comparable to Short-Term Military Leave in Terms of the Ability of the Employee to Choose When to Take the Leave**

27.     Plaintiff could not control or negotiate the times when he would be assigned to take leave from his employment with TForce Freight to comply with his military obligations. Plaintiff could not control or negotiate when he was scheduled to report to duty. Sick leave is typically taken due to a short-term, involuntary medical condition that prevents an employee from working. Casual, personal and/or bereavement leave is often taken due to expected or unexpected personal reasons or unforeseen circumstances. Plaintiff and employees would also have no choice when to participate in jury duty. Similarly, short-term military leave occurs involuntarily, arising due to a servicemember's obligation to perform military service as directed by the military.

8

**UNPAID: TForce Freight's Policies Do Not Provide Paid Leave for Short-Term Military Leave**

28.     TForce Freight's policy or practice of refusing to pay servicemembers when they take short-term military leave, while continuing to pay employees who take other comparable forms of non-military leave, violates 38 U.S.C. § 4316(b), because Defendants deny servicemembers the same non-seniority "rights and benefits" that it provides to similarly situated employees who are on furlough or leave of absence.  38 U.S.C. § 4316(b); *see also* 38 U.S.C. § 4303(2).

29.     TForce Freight's policies unlawfully deny Plaintiff and TForce Freight's servicemember employees the pay that they should have received when they engaged in short-term military leave compared to employees who received pay when they take vacation, sick leave, jury duty, personal leave, bereavement leave or other comparable forms of non-military leave.

**Plaintiff's USERRA-Protected Military Leave**

30.     Mr. Adams has performed military service in the US National Guard reserve from at least approximately May 2019 through at least January 2023. Mr. Adams took military leave annually that lasted just over two weeks in duration (15 days), which was unpaid by TForce Freight. For example, Plaintiff was ordered to report to military duty in or around August 2021 and subsequently was required to take unpaid leave from his employment at TForce Freight to comply with his obligation to the military. Since he began working for TForce Freight, he has satisfied his military service requirements through annual reports that would, on occasion, last at least approximately 15 days, which were unpaid by TForce Freight.

**CLASS ACTION ALLEGATIONS**

31.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

All current and former full-time employees of TForce Freight who took short-term military leave (periods of 15 days or fewer) from their employment with TForce Freight at any time through the date of judgment in this action.

**Impracticality of Joinder**

32.     The members of the Class are so numerous that joinder of all members is impracticable. TForce Freight is one of the largest LTL carriers in North America, that, according to TForce Freight's website, operates 178 plus service centers and services all fifty states within the United States.[3]

**Commonality**

33.     The central question in this case that will generate a common answer as to the Class is whether TForce Freight's policy or practice of failing to pay servicemember employees during periods of short-term military leave violates 38 U.S.C. § 4316(b) because TForce Freight pays employees who take other forms of comparable leave.

34.     Plaintiff's claim raises subsidiary common questions, including: (a) whether short-term military leave is comparable to other forms of leave for which TForce Freight fully or partially pays its employees; and (b) whether TForce Freight's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

35.     Because TForce Freight adopted and applied a policy or practice of not providing pay to its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave, answers to these questions will produce common answers for all members of the Class.

---

[3] *See Fact Sheet*, TFORCE FREIGHT, https://www.tforcefreight.com/ltl/apps/FactSheet (last visited July 23, 2025).

10

36. As TForce Freight acted in a uniform way with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions.

**Typicality**

37. Plaintiff's claims are typical of the other members of the Class because the claims challenge a policy or practice by which TForce Freight failed to pay its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave.

38. TForce Freight has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

**Adequacy**

39. Plaintiff will fairly and adequately protect the interests of other members of the Class.

40. Plaintiff does not have any conflict with any other member of the Class.

41. Plaintiff is represented by counsel with significant experience in prosecuting class action and other complex litigation.

**Rule 23(b)(2)**

42. The claims can be certified as a class action under Rule 23(b)(2) under the Federal Rules of Civil Procedure because Defendants have acted and/or failed to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the Class as a whole.

43. Defendants maintained a uniform policy or practice as to all members of the Class. Defendants are alleged to have violated USERRA by refusing to pay its employees during periods

of short-term military leave on an equivalent basis to other comparable forms of leave. As such, Defendants have acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory and injunctive relief is appropriate with respect to the Class as a whole.

44. The relief sought consists of (a) a declaration that Defendants violated USERRA by failing to pay their employees during periods of short-term military leave despite paying employees other forms of non-military leave (b) an order requiring Defendants to recalculate and pay compensation to Class Members consistent with the requirements of USERRA.

**Rule 23(b)(3)**

45. The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of the Class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

46. The common questions of law and fact concern whether TForce Freight's policy or practice of failing to pay its servicemember employees during periods of short-term military leave on an equivalent basis to employees who took other comparable forms of leave violated USERRA. As the members of the Class were all employees who took short-term military leave, their right to pay during such short-term military leave was uniformly affected by TForce Freight's violations, and common questions related to liability will necessarily predominate over any individual questions related to liability.

47. A class action is superior to other available methods for the fair and efficient resolution of this controversy. By bringing these claims together in a single class proceeding, the issues will be efficiently resolved. Without class certification, other litigation may produce inconsistent judgments regarding Defendants' USERRA obligations.

48.     The members of the Class have an interest in a single adjudication of the issues presented in this action.  Additionally, many members of the Class are unlikely to have a sufficient amount of individual damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action, but all members of the Class would benefit from a class action that obtains relief for all members of the Class.

49.     This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper.

**COUNT 1**
**VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**
**(On Behalf of Plaintiff and the Class)**

50.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

51.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (a) deemed to be on furlough or leave of absence while performing such service; and (b) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

52.     Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined in 38 U.S.C. § 4303(2) that must be provided equally to servicemembers who take military leave and employees who take other comparable forms of non-military leave, pursuant to 38 U.S.C. § 4316(b), 38 U.S.C. § 4316(b).

53.     The Department of Labor's regulation that implements and interprets 38 U.S.C. § 4316(b)(1) provides that "[i]f the non-seniority benefits to which employees on furlough or leave

of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b).

54.     As described above, the types of leave for which TForce Freight has provided employees paid leave—including vacation, sick leave, jury duty, casual or personal leave and/or bereavement leave—are comparable to short-term military leave in terms of the duration, purpose, and the ability of the employee to determine whether to take the leave.  *See* Exhibits 1 & 2 for true and correct copies of TForce's job listings for the Local Driver position in Oklahoma City, Oklahoma and Dockworker No CDL Full Time position in Sacramento, California, respectively, which are both advertised as offering paid time off. *See also*, Exhibit 3, for a true and correct copy of Mr. Adams' wage statement for pay period beginning on 9/4/2022 and ending on 9/17/2022 which shows TForce offers at least 16.00 hours of "Funeral" leave pay.

55.     By adopting and applying a policy or practice of not paying servicemember employees who take short-term military leave, TForce Freight denied Plaintiff and the Class the same "rights and benefits" that TForce Freight provided to employees who take other comparable forms of non-military leave. Thus, TForce Freight failed to provide employees on short-term military leave the most favorable treatment that TForce Freight afforded employees on other comparable forms of non-military leave. By doing so, TForce Freight violated 38 U.S.C. § 4316(b)(1).

56.     Due to TForce Freight's failure to comply with 38 U.S.C. § 4316(b)(1), Plaintiff and other Class members have received less compensation than they would have received had Defendants complied with USERRA and the Department of Labor's regulations.

57.     Upon information and belief, Defendants' violations of 38 U.S.C. § 4316(b)(1) were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, on all claims and respectfully requests that this Court award the following relief:

A.     Declare that Defendants' policy or practice by which it failed to pay servicemember employees when they took short-term military leave, while providing pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under 38 U.S.C. § 4316(b);

B.     Declare that Defendants' violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.     An Order from this Court certifying this case as a class action pursuant to Fed. R. Civ. P. 23.;

C.     Declare that Defendants must pay servicemember employees who take short-term military leave on the same basis as employees who take leave for sick leave, or other comparable forms of short-term, non-military leave;

E.     Require Defendants to provide pay to TForce Freight full-time employees when they take short-term military leave on the same basis as drivers who take leave for vacation, sick leave, casual or personal leave, bereavement leave or any other comparable forms of short-term, non-military leave;

F.     Require Defendants to recalculate and pay the paid leave that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

G.      Order Defendants to pay all members of the Class liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

H.      Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

I.      Require Defendants to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

J.      Grant such other and further relief as the Court deems proper, just, and/or equitable.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: August 1, 2025          Respectfully submitted,

/s/ Derek Y. Brandt
Derek Y. Brandt (ARDC #6228895)
Bryan P. Thompson (ARDC #6310322)
CLARKSON LAW FIRM, P.C.
875 North Michigan Avenue, 31st Floor
Chicago, Illinois 60611
Tel.: (312) 300-6820
dbrandt@clarksonlawfirm.com
bthompson@clarksonlawfirm.com

Glenn A. Danas (*pro hac vice* forthcoming)
Maksim Gorbunov (*pro hac vice* forthcoming)
Michael A. Boelter (*pro hac vice* forthcoming)
CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, California 90265
Tel.: (213) 788-4050
gdanas@clarksonlawfirm.com
mgorbunov@clarksonlawfirm.com
mboelter@clarksonlawfirm.com

Jamie K. Serb (*pro hac vice* forthcoming)
Zachary M. Crosner (ARDC #6343989)
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, Ca 90210
Tel: (866) 276-7637
jamie@crosnerlegal.com
zach@crosnerlegal.com